UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED L. BROOKS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JAMES YATES, Warden,<br><br>　　　　Respondent. | 1:08-cv-01156-LJO-BAK-SMS HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS   (Doc. 12)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY  DAYS |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on August 3, 2008.  (Doc. 1).[1]  Petitioner is serving a sentence of fifteen years to life as a result of a 1988 conviction in the Superior Court of the County of El Dorado for second degree murder.  (Doc. 1, p. 1).   The conviction resulted from a guilty plea that

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for Petitioner's state petitions, as well as for the instant petition, the Court will consider the date of signing of any petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. In this instance, that date is August 3, 2008.

Petitioner did not appeal. (Id.). Petitioner alleges that his continued incarceration violates federal due process and equal protection because his 1988 plea agreement to a sentence of fifteen years to life was a contractual agreement that has been violated by Respondent's incarceration of Petitioner beyond the fifteen year minimum plus applicable credits. (Doc. 1, pp. 4-6). On October 20, 2008, the Court ordered Respondent to file a responsive pleading. (Doc. 7). On December 19, 2008, Respondent filed the instant motion to dismiss, contending that the petition is untimely, the claims are unexhausted, and the claims were rejected in an earlier federal petition in this Court, making the instant petition successive. (Doc. 12). To date, Petitioner has not responded to or opposed the motion to dismiss.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Respondent has filed a Motion to Dismiss the petition as being a second or successive petition. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default; Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. § 2244(b)(3)(A), as being a second or successive petition, upon a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period, and upon Petitioner's failure to exhaust his state court remedies. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure

1  to exhaust state remedies or for state procedural default and because Respondent has not yet filed a
2  formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority
3  under Rule 4.

4    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

5   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
6  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas
7  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063
8  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586
9  (1997).   The instant petition was filed on August 3,  2008, and thus, it is subject to the provisions of
10  the AEDPA.

11   The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal
12  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)
13  reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

25  28 U.S.C. § 2244(d).

26   Here, Petitioner challenges his continued incarceration by Respondent as a violation of his
27  original 1988 plea agreement in which he pleaded guilty in exchange for a sentence of fifteen years
28  to life.  Petitioner contends that "the term 'life' only referred to parole given petitioner received a

parole violation within the initial five years of parole, otherwise the maximum term was to be fifteen years actual confinement." (Id., p. 5).

Here, Petitioner did not file a direct appeal from his plea of guilty.  California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions.  See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment.  See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)).  Because Petitioner did not file a notice of appeal from his November 15, 1988 conviction, his direct review would have concluded on January 14, 1989, when the sixty-day period for filing a notice of appeal expired.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA.  The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1).  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998);  Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such circumstances, the limitations period would begin to run on April 25, 1996.  Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.).

Under the foregoing analysis, Petitioner's one-year period commenced on April 25, 1996 because his direct review became final long before the enactment of the AEDPA.  Accordingly, the one-year period expired 365 days later on April 25, 1997.  Since the instant petition was not filed until August 3, 2008, it is almost eleven years late.

This exact issue was decided against Petitioner in case number 2:03-cv-0718-GEB-GGH, filed on February 4, 2003 in the U.S. District Court for the Northern District of California, and

4

transferred to the Sacramento Division of this Court on April 8, 2003, in which Petitioner raised the virtually identical claim, i.e., that his 1988 plea agreement was being breached by his continued incarceration. (Doc. 12, Ex. 1). That petition was dismissed as untimely under the AEDPA on December 14, 2004. (Doc. 12, Ex. 2). In so doing, the district court concluded that because Petitioner's direct review became final before the enactment of the AEDPA, the one-year period expired on April 24, 1997. (Id.). Inasmuch as Petitioner did not file the petition in that case until 2003, the district court had little difficulty in concluding that the petition was untimely. (Id.).

Petitioner then appealed the dismissal on untimeliness grounds to the U.S. Court of Appeals for the Ninth Circuit in case number 06-15183, and on December 13, 2006, the Ninth Circuit affirmed the dismissal as follows:

> Brook s contends that his "abridgment of the plea agreement" claim is not barred because he only learned of the factual predicate of this claim just before filing his federal habeas petition in 2003. Even assuming that this contention is properly before us, it is without merit. The factual predicate of Brooks' breach of plea agreement claim was reasonably discoverable years ago through the exercise of due diligence.

(Doc. 12, Ex. 4; Brooks v. Calderon, 212 Fed. Appx. 636, 2006 WL 3698229 (9th Cir. Dec. 13, 2006)).[2]

The Ninth Circuit's rejection of Petitioner's claim as untimely is res judicata in these proceedings and binding on this Court. Res judicata, or claim preclusion, as it is commonly known, bars re-litigation in a subsequent action of any claims that were or could have been raised in the earlier action. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). The res judicata doctrine applies when, as here, there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) an identity or privity between the parties. Western Radio Services, Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). Issue preclusion bars re-litigation of issues adjudicated and essential to the final judgment of earlier litigation between the parties. Dodd v. Hood River County, 136 F.3d 1219, 1224-1225 (9th Cir. 1999); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1520 (9th Cir. 1987). The purpose behind both issue preclusion and claim preclusion is to prevent multiple

---

[2] The Court cites to both the exhibit attached to the motion to dismiss and to the Westlaw internet designation for the Ninth Circuit ruling because the exhibit attached to the motion to dismiss is missing page 2 of the Ninth Circuit's decision.

5

lawsuits and to enable parties to rely on the finality of adjudications.  Allen v. McCurry, 449 U.S. 90, 94 (1980).  The prior claim satisfies all requirements for application of the res judicata doctrine, i.e., there is an identity of claims, the prior ruling is a final judgment on the merits of the timeliness claim, there is an identity or privity between the parties, i.e., Petitioner and Respondent.  Thus, the Ninth Circuit's holding that Petitioner could have discovered the factual predicate to his claim "years ago" with the exercise of due diligence is res judicata and binding on this Court.  Accordingly, the Court finds that the petition is untimely and should be dismissed.

   C. The Petition Is A Second Or Successive Petition.

   Respondent also contends that the petition is successive and should be dismissed.  The Court agrees.

The AEDPA amendments altered both the procedural and substantive aspects of federal habeas law.  See In re Minarik, 166 F.3d 591, 599-600 (3rd Cir.1999) (considering procedural and substantive retroactivity separately); Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997) (observing AEDPA contains both aspects).  Prior to the enactment of the AEDPA, federal courts denied a second or successive petition if the Government could demonstrate that the petition constituted an abuse of the writ.  See McCleskey v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454 (1991).  Courts excused an abuse of the writ only if:  (1) the applicant could establish cause and prejudice-- i.e., that "some objective factor external to the defense impeded counsel's efforts" to raise the claim earlier and that "actual prejudice result[ed] from the errors of which he complain[ed,]" id. at 493-94, 111 S.Ct. 1454 (internal quotation marks and citations omitted); or (2) the applicant could demonstrate that "a fundamental miscarriage of justice would result from a failure to entertain the claim." Id.   The AEDPA, however, replaced the abuse-of-the writ doctrine articulated in McCleskey.

Under AEDPA's new "gate-keeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).   By filing a second and successive petition raising the same issue without first obtaining permission of the Ninth Circuit, Petitioner has violated this fundamental gate-keeping provision of the AEDPA.

Respondent's motion to dismiss establishes that Petitioner filed a federal petition raising the

same claim as that contained in the instant petition on February 4, 2003, said petition was transferred to this Court's Sacramento Division on April 8, 2003, and the petition was re-designated as case number 2:03-cv-00718-GEB-GGH.  As discussed above, the petition was subsequently dismissed by the district court on timeliness grounds and the dismissal was affirmed by the Ninth Circuit.

A review of the two petitions indicates that the claim Petitioner now raises regarding the breach of his 1988 plea agree is *substantively* the same as the one presented in case number 2:03-cv-00718-GEB-GGH.   Respondent correctly points out in the motion to dismiss that the minor linguistic differences between the 2003 claim and the instant claim are cosmetic rather than substantive:

> Brooks again argues that when he entered his plea, he believed that he would serve a maximum term of 15 years in prison, absent any possible conduct credit reductions.  He points to the same state actors who allegedly coerced him into the plea, as the same individuals who failed to disclose the true nature of his plea.  Brooks recycles his previous argument that the Board altered his plea agreement.  He again argues that the Board's actions altered his sentence into an indeterminate term and the Board failed to comply with the terms of his plea, i.e., he would only be subject to a maximum term of 15 years or less with the benefit of credits.

(Doc. 12, p. 5)(citations omitted).

Thus, the instant petition is a "second or successive" petition within the meaning of the AEDPA and can only be filed by permission of the Ninth Circuit.  Since Petitioner has not contended, let alone proven, that he obtained the permission of the Ninth Circuit before filing the instant petition, it must be dismissed.

D.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Along with the motion to dismiss, Respondent has lodged documents with the Court that establish that Petitioner filed state habeas petitions in the Superior Court for El Dorado County, in

8

the Court of Appeal, Third Appellate District, and in the California Supreme Court.  (Doc. 12, Exs. 5, 6, 7, 8, 9 & 10).  The latter denied the petition citing People v. Duvall, 9 Cal. 4th 464, 474 (1995).  (Doc. 12, Ex. 9).

Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations."  Duvall, 9 Cal.4th at 474.

While conceding that Petitioner included the instant claim in his action before the California Supreme Court,  Respondent contends that Petitioner's state court remedies have not been exhausted because the state supreme court denied the petition on procedural grounds as to the claim raised now in the instant petition, i.e., by the citation to Duvall.  (Doc. 12, p. 7).   Respondent reasons that because the denial by the California Supreme Court was on a procedural defect, not on the merits, Petitioner has not exhausted his state remedies and therefore the petition should be dismissed.  The Court agrees.

In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949).  Like Duvall, a citation to Swain stands for the proposition that a petitioner has failed to state his claim with sufficient particularity.  In Kim, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e., lack of particularity could be cured in a renewed petition.  Kim, 799 F.2d at 1319.

However, in Kim, the Ninth Circuit also stated that it was "incumbent" on the district court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court.  Id. at 1320.  "The mere recitation of In re Swain does not preclude such review."  Id.  Indeed, the Ninth Circuit has held that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it.  Harmon v. Ryan, 959 F.2d 1457, 1462 (9th Cir. 1992)(citing Kim, 799 F.2d at 1321).  "Fair presentation" requires only that the

1  claims be pleaded with as much particularity as is practicable.  Kim, 799 F.2d at 1320.

2         Because Swain and Duvall stand for the same proposition, and applying the principles set
3  forth in Kim, this Court must review Petitioner's habeas petition filed in the California Supreme
4  Court to determine whether that claim was "fairly presented" under federal exhaustion standards.

5         According to the exhibits filed by Respondent, which include the petition filed in the
6  California Supreme Court, Petitioner contended in that petition that he had entered into a contractual
7  plea agreement with the prosecutor on 1988, that the attorneys and trial judge "expounded the terms
8  and ratified them on behalf of the state of California," and that Petitioner was "led to believe that he
9  was entering a contractual agreement of fifteen years to life and that the term life only referred to
10 parole given petitioner received a parole violation within the initial five years of parole, otherwise
11 the maximum term was to be fifteen years with available half-time credits."  (Doc. 12, Ex. 9, p. 3).

12        Attached to the exhibit are various documents, including, inter alia, one page from a
13 transcript of Petitioner's guilty plea, two pages from the transcript of Petitioner's January 10, 2007
14 parole eligibility hearing, the abstract of judgment, and various correspondence between the Board of
15 Parole Hearings, Petitioner, and the Department of Corrections and Rehabilitation regarding
16 Petitioner's 2007 parole hearing.  (Doc. 12, Ex. 9, attached exhibits).  Nothing in the underlying
17 facts alleged by Petitioner, or in the attached documents, provides any factual basis for the state
18 supreme court to address the issue of whether Petitioner's incarceration violated his 1988 plea
19 agreement.  The actual plea agreement is not included in full in the state petition, there are no
20 declarations from Petitioner's attorneys supporting Petitioner's claim regarding the terms of the plea
21 agreement, and the relevant  trial court transcripts were not provided to the state high court.
22 Moreover, Petitioner's own allegation that he understood the plea agreement to be for only fifteen
23 years' incarceration, unsupported by any other allegations regarding why Petitioner interpreted
24 "fifteen years to life" in such a manner, is, standing alone, insufficient to permit the California
25 Supreme Court to address the issue on its merits.  In short, the California Supreme Court was not
26 provided with sufficient evidentiary detail or factual pleadings on which to address the merits of
27 Petitioner's claim that the 1988 plea agreement had been breached.  Accordingly, this Court finds
28 that Petitioner did not "fairly present" the claim to the California Supreme Court.  Kim, 799 F.2d at

1319. Thus, it has not been exhausted.

Moreover, it bears emphasis that the California Supreme Court's citation to <u>Duvall</u> did not foreclose Petitioner from re-filing his petition in the California Supreme Court along with additional information, documents, or more specific pleadings that would have permitted that court to address the issue on the merits, thereby exhausting Petitioner's claims. <u>Kim</u>, 799 F.2d at 1319. Petitioner, however, failed to follow this course.  Accordingly, the Court concludes that Petitioner did not exhaust his claim in the California Supreme Court, and thus the petition is unexhausted and must be dismissed.

### **RECOMMENDATION**

Accordingly, for all of these reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 12), be GRANTED and that the petition for writ of habeas corpus (Doc. 1), be DISMISSED as untimely, successive, and for Petitioner's failure to fully exhaust his state court remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 9, 2009**              /s/ Sandra M. Snyder
                                                                       UNITED STATES MAGISTRATE JUDGE